UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY O'DELL DERRICK,

                Plaintiff,

M.I.N.T., MATTHEW RICE,
JASON POWELL, and
JOHN ROGERS,

                Defendants.

Civil Action No. 19-13109
Honorable Robert H. Cleland
Magistrate Judge David R. Grand

_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT RICE'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14), GRANT DEFENDANT ROGERS' MOTION FOR SUMMARY JUDGMENT (ECF No. 19), AND DISMISS *SUA SPONTE* PLAINTIFF'S CLAIMS AGAINST DEFENDANT POWELL**

On October 23, 2019, Plaintiff Cory O'Dell Derrick ("Derrick") filed his complaint in this case against Defendants MINT (a Michigan State Police special investigation unit) and three law enforcement officers (Jason Powell, John Rogers, and Matthew Rice). (ECF No. 1). At that time, Derrick was a pretrial detainee awaiting trial in Isabella County Circuit Court on three drug-related charges. His complaint concerns several occurrences surrounding his arrest and the criminal charges that followed.

First, Derrick alleges that Powell, a Michigan State Police detective, performed an unlawful traffic stop, provided false information in his affidavit to obtain a search warrant, and intimidated a defense witness. Second, Derrick alleges that Rogers, a Special Agent with the Bureau of Indian Affairs, fabricated evidence in support of a search warrant. Third, Derrick claims that Powell, Rogers, and Rice, a Michigan State Police Lieutenant, failed to follow the procedures outlined in Mich. Comp. Laws § 333.7523 for the seizure

and forfeiture of property. Finally, Derrick argues that he was sexually assaulted by Lieutenant Rice at the police department in the presence of Detective Powell.[1]

Now pending before the Court are separate Motions for Summary Judgment filed by Lieutenant Rice and Detective Rogers on March 4, 2020, and May 19, 2020, respectively. (ECF Nos. 14, 19). Derrick filed responses in opposition to both motions. (ECF Nos. 21, 23, 25). An Order of Reference was entered on December 18, 2019, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (ECF No. 8). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. LR 7.1(f). Here, the Court finds that the facts and legal issues are adequately presented in the briefs and on the record, and it declines to order a hearing at this time.

**I.    REPORT**

    **A.    Factual Background[2]**

The Mid-Michigan Investigative Narcotics Team ("MINT") is a multi-jurisdictional drug taskforce operated by the Michigan State Police ("MSP"), which, at the time of the events at issue in this case, was comprised of members of the MSP, Bureau of Indian

---

[1] By Order dated December 17, 2019, the Court dismissed Derrick's claims against MINT under the Eleventh Amendment; his official-capacity claims against Powell, Rogers, and Rice; and his property-related claim against Powell, Rogers, and Rice. (ECF No. 7). Additionally, the Court stayed Derrick's Fourth Amendment claims against Powell and Rogers pending resolution of his state-court criminal proceeding. (*Id.*).

[2] The facts set forth below are taken primarily from police reports completed by Special Agent Rogers and Detective Powell. (ECF No. 14-2, 14-3). To the extent Derrick disputes any of the facts contained therein, such disputes shall be noted.

2

Affairs ("BIA"), and Mt. Pleasant City Police Department.  (ECF No. 19-1, PageID.129).

On May 29, 2019, Special Agent Rogers and Lieutenant Rice, working as part of MINT, prepared a registered Confidential Source ("CS") to conduct a controlled purchase of narcotics from an individual known as "Country."  (ECF No. 14-2, PageID.75-76). Special Agent Rogers ensured the CS had no other contraband in his possession and supplied $100 in pre-recorded funds for the purchase.  (*Id.*).  Derrick then sold approximately 1.2 grams of heroin/fentanyl to the CS as part of this controlled buy.  (*Id.*). After the sale, other members of MINT pulled Derrick over for failing to use his turn signal and conducted a traffic stop.  (*Id.*, PageID.77).  Derrick's vehicle was searched during the traffic stop, and officers discovered individually packaged bindles of heroin and baggies of marijuana, drug paraphernalia, a digital scale, and three burner cell phones in his vehicle. (ECF No. 14-3, PageID.86-87).

After Derrick was arrested, he was brought to the Mt. Pleasant Police Department, where Lieutenant Rice interviewed him.[3]  (*Id.*, PageID.87).  During that interview, Lieutenant Rice noticed that Derrick was agitated and "experienced excessive sweating." (ECF No. 14-2, PageID.80).  Lieutenant Rice had also been advised by another detective that the CS believed Derrick had heroin concealed in a sock in his crotch.  (*Id.*).  As a result,

---

[3] Derrick claims he was not arrested, and was not in custody during the interview, and he asks the Court to review the arresting officer's October 29, 2019 "testimony" which he says proves his contentions.  (ECF No. 23, PageID.152-54; ECF No. 32, PageID.213.)  Derrick's claims lack merit.  First, while Derrick claims to have provided the arresting officer's testimony to the Court (ECF No. 32, PageID.213), it does not appear in the record.  Second, the post-arrest interview in question was videotaped and provided to the Court, and it clearly shows Derrick was in custody. (ECF No. 14-4).  Indeed, Derrick was handcuffed, with his hands behind his back for the entire two-plus hours of questioning that occurred after he was advised of his *Miranda* rights.

Lieutenant Rice asked Derrick several times if he had drugs on him and warned him that carrying drugs into the jail would result in new charges. (*Id.*).

The police report indicates – and the video confirms – that Derrick told Lieutenant Rice that he did not have drugs in his crotch and that he wanted to show Lieutenant Rice. (ECF No. 14-5, PageID.101; ECF No. 14-4). A few minutes later, after Lieutenant Rice again asked Derrick if he had drugs on him, Derrick, without even being asked to do so, stood up and began to take off his pants. (ECF No. 14-5, PageID.101; ECF No. 14-4). Lieutenant Rice then called Special Agent Rogers in to serve as a witness and conducted a strip search of Derrick. (ECF No. 14-5, PageID.101; ECF No. 14-2, PageID.80). No drugs were found; however, Lieutenant Rice found $80 in Derrick's sock, which was later determined to be some of the pre-recorded funds that the investigators had provided to the CS as part of the controlled buy. (ECF No. 14-2, PageID.80). A review of the video confirms that, although the search took place outside of the camera's view, Derrick made no objection to the search or search methods and maintained conversation with the officers during the entire search and interview. (ECF No. 14-4).

On October 23, 2019, Derrick filed the instant lawsuit against MINT, Lieutenant Rice, Special Agent Rogers, and Detective Powell. (ECF No. 1). As set forth above, however, many of Derrick's claims were dismissed by the Court's December 17, 2019 Order. (ECF No. 7). Currently, what remains are Derrick's claims: (1) that he "was sexually assaulted by Lt. Rice in front of Det. Powell at the [police department]"; (2) that Special Agent Rogers fabricated evidence or provided false information in support of a search warrant against him; and (3) that Detective Powell engaged in an unlawful traffic

4

stop, provided false information to support a search warrant, and threatened and intimidated a witness.[4] (ECF No. 1, PageID.7). Lieutenant Rice and Special Agent Rogers now move for summary judgment on each of Derrick's remaining claims.[5]

B. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing

---

[4] In the District Court's prior Order, Derrick's Fourth Amendment claims against Special Agent Rogers and Detective Powell were stayed pending resolution of Derrick's state criminal proceeding. (ECF No. 7, PageID.32). It appears, however, that on November 19, 2019, Derrick pled no contest to charges of delivery of a controlled substance in state court, and he was sentenced in January 2020 to 223 days in jail, with a credit for having already served that time. (ECF No. 19-2). Thus, it is now proper to consider Derrick's Fourth Amendment claims against Special Agent Rogers and Detective Powell.

[5] Although Derrick has not filed a motion for appointment of counsel in this case, he has submitted several letters to the Court in which he referenced his desire for a lawyer. (*E.g.,* ECF No. 21, PageID.137; ECF No. 29, PageID.198; ECF No. 25, PageID.167). Pursuant to 28 U.S.C. § 1915, "[t]he court ***may*** request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). "Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances," which depend on the type of case, the plaintiff's abilities to represent himself, the complexity of the factual and legal issues involved, and the claim's relative merits. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) (internal quotations and citations omitted). Here, Derrick has not shown exceptional circumstances warranting appointment of counsel in this civil case. First, Derrick's claims relate principally to the propriety of the criminal charges he faced as a result of the incident in question, yet he was represented by counsel in that case, and elected to plead no contest to the charges. Notably, he did so notwithstanding the filing of at least two motions to suppress and dismiss the charges filed by his attorney. (ECF No. 32). Second, the appointment of an attorney would not change the video evidence before the Court or the fact of Derrick's no contest plea, and as explained herein, it is that undisputed evidence which conclusively establishes Defendants' entitlement to summary judgment on Derrick's claims. Accordingly, his requests for appointment of counsel are denied.

law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (internal quotations omitted).

**C.     Analysis**

       *1.     Summary Judgment is Appropriate on Derrick's "Sexual Assault" Claim Against Lieutenant Rice[6]*

---

[6] Lieutenant Rice also argues that Derrick's claim against him is barred by the doctrine of qualified immunity. (ECF No. 14, PageID.63-67). Because the Court is recommending granting summary judgment in favor of Lieutenant Rice on other grounds, it declines to address the merits of this

6

As set forth above, Derrick alleges that Lieutenant Rice "sexually assaulted" him when he strip searched him at the Mt. Pleasant Police Department. (ECF No. 1, PageID.6-7). While Derrick does not identify the specific legal grounds for this claim, he must allege a violation of his constitutional rights to sue a public official under 42 U.S.C. § 1983. Given Derrick's *pro se* status, the Court will construe his claim for sexual assault based on a strip search pursuant to an arrest as an alleged violation of his Fourth Amendment right to be free of unlawful searches and seizures. *See Oliver v. City of Berkley*, 261 F. Supp. 2d 870, 882 (E.D. Mich. 2003).

### a.  *Lieutenant Rice's Decision to Strip Search Derrick was Objectively Reasonable*

Whether a Fourth Amendment claim against the police is based on an unlawful search or seizure, or excessive force, the key question is whether the officer acted reasonably given the circumstances at the time. *See, e.g., Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 567 (6th Cir. 2016) ("Reasonableness is the touchstone of any seizure under the Fourth Amendment.") (internal quotations omitted). A strip search does not violate an individual's Fourth Amendment rights to be free from unreasonable searches if it is supported by reasonable suspicion that the individual may be concealing a weapon or other contraband. *See Masters v. Crouch,* 872 F.2d 1248, 1257 (6th Cir. 1989); *Krusell v. Hunt*, No. 1:15-cv-1159, 2017 WL 7310114, at *7 (W.D. Mich. Dec. 27, 2017) (strip search reasonable when conducted for the purpose of preventing introduction of contraband by a prisoner who has been transported outside the jail). Indeed, strip searches of individuals

---

argument.

arrested for drug trafficking have been held constitutional across various circuits. *See, e.g., U.S. v. Cofield*, 391 F.3d 334, 336-37 (1st Cir. 2004) (holding that officers had reasonable suspicion to strip search a known narcotics dealer who had been found with drugs on him and "appeared tense and nervous"); *U.S. v. Logan*, 219 F. App'x 533, 535 (7th Cir. 2007) (officers had reasonable suspicion to strip search an individual who had recently sold drugs to undercover officers, who had two different drugs hidden in his car and in his clothing, and who was about to enter the jail).

In this case, even taking the facts in the light most favorable to Derrick, there is no genuine issue of material fact that Lieutenant Rice had reasonable suspicion that Derrick could have been concealing drugs in his crotch. As set forth above, Derrick was suspected of drug trafficking, which was ultimately confirmed after the CS's tip led to a controlled buy of heroin/fentanyl from Derrick. The same CS – whose tip as to Derrick's drug trafficking had already been proven accurate – informed the MSP officers that he believed Derrick was hiding drugs in his crotch. (ECF No. 14-2, PageID.80). In addition, while interviewing Derrick, Lieutenant Rice noticed that Derrick was agitated and perspiring an abnormal amount. (*Id.*). These facts, taken together, establish that Lieutenant Rice had reasonable suspicion that Derrick had drugs concealed on his person, and his search of Derrick, therefore, did not violate Derrick's Fourth Amendment rights. *See Masters*, 872 F.2d at 1257; *Cofield*, 391 F.3d at 336-37; *Logan*, 219 F. App'x at 535.

      b.  *Derrick Consented to the Search at Issue*

Additionally, a warrantless search is "valid if conducted pursuant to the person's consent." *See United States v. Kelly*, 913 F.2d 261, 265 (6th Cir. 1990). There is valid

consent when, under the circumstances, it is objectively reasonable for an official to believe that the scope of a person's consent permitted the official to conduct the search. *See Florida v. Jimeno*, 500 U.S. 248, 251 (1991); *Illinois v. Rodriguez*, 497 U.S. 177, 186 (1990).

Here, there is no genuine issue of material fact that Lieutenant Rice had Derrick's consent to conduct the strip search. During the course of his interview, Derrick repeatedly denied having drugs on him, telling Lieutenant Rice that he wanted to show him. (ECF No. 14-5, PageID.101; ECF No. 14-4). After continued questioning about whether he had drugs on him, Derrick, unprompted by Lieutenant Rice, stood up and pulled down his pants and underwear. (ECF No. 14-5, PageID.101; ECF No. 14-4). Under those circumstances, it was reasonable for Lieutenant Rice to believe Derrick was consenting to a strip search. *See U.S. v. Dokey*, 833 F.3d 692, 705-06 (6th Cir. 2016) (parolee who "voluntarily pulled his pants and underwear down so that the officers could examine his genitals and rectum" consented to body search). *See also Jimeno,* 500 U.S. at 251; *Rodriguez,* 497 U.S. at 186.

In sum, because Lieutenant Rice had both reasonable suspicion and consent to conduct a strip search of Derrick, the search did not violate Derrick's Fourth Amendment rights.[7] *See Masters,* 872 F.2d at 1257; *Cofield*, 391 F.3d at 336-37; *Kelly*, 913 F.2d at

---

[7] In his response briefs, Derrick claims that he was not under arrest at the time the search was conducted and that Lieutenant Rice and Detective Powell lied on their police reports when they said this was the case. (*E.g.*, ECF No. 21, PageID.141 (". . . I was sexually violated by Lt. Rice while I was not under arrest."); ECF No. 23, PageID.153). As discussed above, however, the video recording of the incident clearly shows a custodial search. *See supra* at 3 n.3. Because the video evidence blatantly contradicts Derrick's self-serving assertions, he has failed to raise a material question of fact on the issue. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

265.[8]

> 2. *Summary Judgment is Appropriate on Derrick's Fourth Amendment Claim Against Special Agent Rogers*

As set forth above, it appears that Derrick is alleging that Special Agent Rogers violated the Fourth Amendment by providing false information to obtain a search warrant. (ECF No. 7, PageID.29, 32). Specifically, according to Derrick's complaint, Special Agent Rogers "fabricated evidence" by "including an unregistered C.I. under the influence of narcotics []." (ECF No. 1, PageID.5). Regardless of the precise contours of Derrick's claim against Special Agent Rogers, however, to the extent it implies that his convictions for distribution of controlled substances are invalid because they were based on false evidence, such a claim is barred by the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994).

---

[8] To the extent Derrick's sexual assault claim can be interpreted as a state law intentional tort claim for assault and battery, that claim also fails because Derrick cannot create a genuine issue of material fact that the search was unlawful. To recover civil damages for assault, Derrick must show an "intentional *unlawful* offer of corporal injury to [him] by force, or force unlawfully directed toward [him], under circumstances which create a well-found apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact." *Espinoza v. Thomas*, 189 Mich. App. 110, 119 (1991) (emphasis added). Similarly, to recover for battery, Derrick must demonstrate a "willful and harmful or offensive touching of [him] which results from an act intended to cause such a contact." *Id.* Here, Derrick cannot create an issue of fact regarding an assault or battery claim because he cannot establish that Lieutenant Rice's strip search was unlawful. As discussed above, because the search of Derrick was supported by reasonable suspicion and consent, it was lawful. Thus, the conduct that Derrick characterizes as an assault or a battery was lawful, not offensive, and therefore not actionable. *See Espinoza*, 189 Mich. App. at 119.

The law is clear that a prisoner in state custody may not use a § 1983 civil rights complaint as a vehicle for challenging the "fact or duration of his confinement."[9] *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Specifically, in *Heck*, the Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87 (footnote omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought … – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).

Here, the evidence establishes that, on November 19, 2019, Derrick pled no contest to state court charges of delivery of a controlled substance, and he was sentenced in January 2020. (ECF No. 19-2). Derrick does not even assert, let alone establish, that his conviction for delivery of a controlled substance has been invalidated or terminated in his favor. Thus, a ruling that his conviction was based on false or fabricated information from Special Agent Rogers would necessarily imply the invalidity of Derrick's state court conviction.[10]

---

[9] Rather than § 1983, Derrick's claim against Special Agent Rogers arises under *Bivens* because Special Agent Rogers is a federal employee. *See Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The *Heck* litigation bar extends to *Bivens* actions. *See Lanier v. Bryant*, 332 F.3d 999, 1005 (6th Cir. 2003).

[10] Indeed, this is one of the principal forms of relief Derrick improperly seeks in this Court. (ECF No. 23, PageID.152) ("I'm asking for a trial or cash settlement and all charges involving Lt. Rice and the MINT team be take [sic] off my record . . .").

Accordingly, under *Heck*, Derrick's claim is barred. *See Scheib v. Grand Rapids Sheriff's Dep't*, 25 F. App'x 276, 277 (6th Cir. 2001) (claim based on allegation of "fabricated police reports" was barred by *Heck*); *Rogers v. Detroit Police Dep't*, 595 F. Supp. 2d 757, 767 (E.D. Mich. 2009) (finding *Heck* bar applied to claim that officers fabricated evidence); *Word v. City of Detroit*, No. 05-74501, 2006 WL 1704205, at *3 (E.D. Mich. June 16, 2006) (holding that the *Heck* doctrine is "easily applied" to a plaintiff's claim that a police officer fabricated evidence and had false process issued against him because "[s]uccess upon any such claims would obviously strike at the heart of" the conviction). Thus, the claims brought by Derrick against Special Agent Rogers are precisely the type of claims that the U.S. Supreme Court has held may not be brought in a § 1983 or *Bivens* case. *See Wilkinson*, 544 U.S. at 78; *Heck*, 512 U.S. at 486-87. Accordingly, Derrick's Fourth Amendment claim against Special Agent Rogers is barred by *Heck*, necessitating its dismissal.[11]

---

[11] As set forth above, Derrick also alleges in his complaint that Detective Powell provided false information in his affidavit to obtain a search warrant and intimidated a defense witness. (ECF No. 1, PageID.5). Although Detective Powell has not moved for summary judgment, the analysis set forth above as to Special Agent Rogers is equally applicable to Derrick's claims against Detective Powell. And, because Derrick is proceeding *in forma pauperis* under 28 U.S.C. § 1915(a), the Court must test his complaint's sufficiency under § 1915(e)(2)(B), which provides that a court "shall dismiss" an *in forma pauperis* complaint "at any time" if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (noting that while Congress enacted 28 U.S.C. § 1915 to "ensure that indigent litigants have meaningful access to the federal courts," it also "recognized . . . that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."). Here, where Derrick has not established that his conviction for delivery of a controlled substance has been invalidated or terminated in his favor, a ruling that the conviction was based on false or fabricated information, or witness intimidation, by Detective Powell would necessarily imply the invalidity of Derrick's state court conviction. Accordingly,

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant Rice's Motion for Summary Judgment **(ECF No. 14)** be **GRANTED**; Defendant Rogers' Motion for Summary Judgment **(ECF No. 19)** be **GRANTED**; and Derrick's claims against Defendant Powell be dismissed *sua sponte*.

Dated: September 16, 2020          s/David R. Grand
Ann Arbor, Michigan                DAVID R. GRAND
                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation and Order will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections

---

under *Heck*, Derrick's claim against Detective Powell is barred and should be dismissed *sua sponte*. *See Scheib*, 25 F. App'x at 277; *Rogers*, 595 F. Supp. 2d at 767; *Word*, 2006 WL 1704205, at *3.

must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2020.

            s/Eddrey O. Butts
            EDDREY O. BUTTS
            Case Manager