**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

CORY O'DELL DERRICK,

            Plaintiff,

v.                                                           Case No. 19-13109

MATTHEW RICE, JASON POWELL,
and JOHN ROGERS,

            Defendants.
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND TERMINATING AS MOOT PLAINTIFF'S MOTION TO DISMISS**

        Plaintiff Cory O'Dell Derrick brings this civil rights action against Defendants Matthew Rice, Jason Powell, and John Rogers. (ECF No. 1.) On March 4, 2020, Defendant Rice moved for summary judgment. (ECF No. 14.) Defendant Rogers followed and moved for summary judgment on May 19, 2020. (ECF No. 19.) On September 16, 2020, Magistrate Judge Grand issued a Report and Recommendation ("R&R") that recommended granting the two motions and dismissing Plaintiff's claims against Defendant Powell *sua sponte*. (ECF No. 33.)

        Plaintiff filed objections to the R&R, (ECF No. 36), and Defendant Powell filed a response. (ECF No. 36.) After filing his objections, Plaintiff filed a motion to dismiss his case. (ECF No. 35.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). For the reasons provided below, the court will adopt Magistrate Judge Grand's R&R and overrule Plaintiff's objections. Plaintiff's motion to dismiss will be terminated as moot.

## I. BACKGROUND

On May 29, 2019, police provided a confidential source $100 in pre-recorded funds to engage in a controlled purchase of narcotics. (ECF No. 33, PageID.228.) Plaintiff sold the confidential source 1.2 grams of heroin/fentanyl. (*Id.*)

After the sale, police pulled over Plaintiff's car. (*Id.*) The vehicle was searched, and police discovered packaged heroin and marijuana, drug paraphernalia, a digital scale, and burner cell phones. (*Id.*)

Plaintiff was arrested and taken into custody, and Defendant Rice interviewed him. (*Id.*) During the interview, Defendant Rice was notified that the confidential source believed Plaintiff had heroin concealed in his crotch. (*Id.*) Plaintiff stated that he did not have drugs in his crotch and wanted to show Defendant Rice. (*Id.*, PageID.229.) Plaintiff stood up and began to take off his pants. (*Id.*) Defendant Rice called Defendant Rogers to serve as a witness and performed a strip search of Plaintiff. (*Id.*) No drugs were found. (*Id.*)

Plaintiff was convicted of delivery of a controlled substance on November 19, 2019. (ECF No. 19-2, PageID.132.) He was sentenced on January 7, 2020. (*Id.*, PageID.132-33.)

## II. STANDARD

The filing of timely objections to an R&R requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* United States v. Raddatz, 447 U.S. 667 (1980); United States v. Winters, 782 F.3d 289, 295 n.1 (6th Cir. 2015). This *de novo* review requires the court to re-examine all the relevant evidence

previously reviewed by the Magistrate Judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(3).

### III. DISCUSSION

Plaintiff's objections are challenging to understand and appear to present vague and generalized disagreement with the R&R. *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). He protests that Defendants, police officers involved in Plaintiff's arrest and conviction, acted improperly, but Plaintiff does not identify which findings of the R&R are incorrect. E.D. Mich. L.R. 72.1(d)(1) (requiring objections to R&Rs "specify the part of the order, proposed findings, recommendations, or report to which a person objects").

Plaintiff claims Defendant Powell "got on the stand under oath and committed perjury" and falsified police records. (ECF No. 34, PageID.240.) Yet Magistrate Judge Grand dismissed claims against Defendant Powell, *sua sponte*, due to the *Heck* doctrine. (ECF No. 33, PageID.237-38.) Under *Heck v. Humphrey*, a prisoner cannot maintain a suit under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." 512 U.S. 447, 487; *accord Hill v. Snyder*, 878 F.3d 193, 207 (6th Cir. 2017). Plaintiff does not confront this issue; *Heck* is nowhere mentioned in Plaintiff's objections. (ECF No. 34, PageID.240-42.)

Any objection to Magistrate Judge Grand's *Heck* analysis is waived. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) ("[T]he failure to object to a magistrate judge's Report and Recommendation results in a waiver of appeal on that

3

issue."); E.D. Mich. L.R. 72.1(d)(1). Even upon review of the R&R, the court finds Magistrate Judge Grand's analysis correct. Plaintiff alleged impropriety on the part of Defendant Powell leading up to Plaintiff's arrest and conviction. A judgment in Plaintiff's favor would "necessarily imply the invalidity of his conviction," *Heck*, 512 U.S. at 487, and was rightfully dismissed.

Plaintiff brought suit against Defendant Rogers alleging he fabricated evidence to support Plaintiff's conviction. (ECF No. 1, PageID.5 ("[Defendant] Rogers . . . includ[ed] an unregistered [confidential informant] under the influence of narcotics information [sic].") Magistrate Judge Grand again found the allegations barred by *Heck*, as they imply the invalidity of Plaintiff's conviction. 512 U.S. at 487. (ECF No. 33, PageID.237.) Yet Plaintiff objects that Defendant Rogers was present for the search of Plaintiff's vehicle, which Defendant Rogers allegedly denies. (ECF No. 34, PageID.240.) Plaintiff provides no reason or explanation how or why this is relevant to his claim against Defendant Rogers or to the R&R's *Heck* analysis. He adds that Defendant Rogers made a false declaration under oath and was involved in search of Plaintiff's "[b]ook [b]ag." (*Id.*, PageID.241.) Again, Plaintiff does not explain how these assertions relate to his original claim specified in the complaint or to Magistrate Judge Grand's findings. Any objections to the *Heck* analysis as applied to Defendant Rogers are deemed waived. *See Wandahsega*, 924 F.3d at 878; E.D. Mich. L.R. 72.1(d)(1). Even so, the court finds Magistrate Judge Grand's conclusions correct; Plaintiff's claim implies the invalidity of his conviction. *Heck*, 512 U.S. at 487.

Finally, Plaintiff asks "why is it okay for [Defendant] Rice to touch my private parts off camera." (ECF No. 34, PageID.240-42.) Because Plaintiff's suit falls under §

1983, Magistrate Judge Grand accurately construed Plaintiff's allegations against Defendant Rice as a claim of unlawful search and seizure under the Fourth Amendment. (ECF No. 33, PageID.232.) Magistrate Judge Grand recited uncontradicted evidence that a confidential source engaged in a controlled buy of Plaintiff's heroin/fentanyl, the confidential source informed Defendant Rice that Plaintiff was hiding drugs in his crotch, Plaintiff appeared agitated and anxious, and Plaintiff, unprompted by police, pulled down his pants and consented to a strip search. (*Id.*, PageID.232-34.) Plaintiff does not discuss or specifically object to these findings; he does not point to evidence or other support that would undermine Magistrate Judge Grand's conclusion. Thus, Plaintiff's final objection is meritless and will be overruled.

Defendant Rice filed his motion for summary judgment on Mach 4, 2020, (ECF No. 14); Defendant Rogers moved for summary judgment on May 19, 2020. (ECF No. 19.) Magistrate Judge Grand's R&R was issued on September 16, 2020, (ECF No. 33), and Plaintiff filed his objections on September 23, 2020. (ECF No. 34.) After all this and over seven months of dispositive motion practice, Plaintiff filed a motion to dismiss his claims. (ECF No. 35.) He asks the court to grant dismissal "immediately[,] for [he] do[es] not wish to pursue any further actions in these matters"; according to Plaintiff, "all issues have been resolved." (*Id.*, PageID.243.) The R&R is sound, and Plaintiff's objections are off-point, vague, and unsubstantiated. The court will adopt the R&R, grant summary judgment in favor of Defendants Rice and Rogers, and dismiss the remaining claims against Defendant Powell. Thus, Plaintiff's motion to dismiss is moot.

5

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's Objections (ECF No. 34) are OVERRULED and that the R&R (ECF No. 33) is ADOPTED in its entirety and incorporated by reference.

IT IS FURTHER ORDERED that Defendant Rice's Motion for Summary Judgment (ECF No. 14) is GRANTED, Defendant Roger's Motion for Summary Judgment (ECF No. 19) is GRANTED, and Plaintiff's claims against Defendant Powell are dismissed *sua sponte*.

Finally, IT IS ORDERED that Plaintiff's "Motion to Dismiss" (ECF No. 35) is TERMINATED AS MOOT.

                                                         s/Robert H. Cleland                          /
                                                        ROBERT H. CLELAND
                                                        UNITED STATES DISTRICT JUDGE

Dated: October 29, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 29, 2020, by electronic and/or ordinary mail.

                                                        s/Lisa Wagner                                   /
                                                        Case Manager and Deputy Clerk
                                                        (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\19-13109.DERRICK.ObjectionstoR&RandMotiontoDismiss.RMK.docx